IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MIGUEL SURIANO, on behalf of himself and other persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>FRENCH RIVIERA HEALTH SPA, INC.,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq.*]<br><br>2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq.*]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Miguel Suriano brings this class action complaint and demand for jury trial against French Riviera Health Spa, Inc. to stop its practice of sending unwanted text messages to the cellular telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.  Defendant French Riviera Health Spa, Inc. ("French Riviera") is behind a chain of gym franchises located in multiple states, including Louisiana, Utah, Alabama, and Memphis.

2.  Consumers who purchase a French Riviera gym membership receive unsolicited telemarketing and/or advertising text messages on their cellular telephones.

3.  French Riviera sends text messages to consumers without their written or oral consent.

4.  As a result, Defendant repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. French Riviera also violates the TCPA by sending text messages to consumers without instructions on how to stop receiving their advertisements.

6. The TCPA was enacted to protect consumers from unwanted calls exactly like the messages alleged in this complaint. Defendant sends these text messages despite the fact that neither Plaintiff or the other members of the putative Class (defined below) provide prior express written consent to receive them.

7. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff is a natural person and resident of the State of Louisiana.

9. Defendant is a for-profit corporation licensed to do and doing business in Louisiana.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq*.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because the damages sustained by Plaintiff occurred in this District.

## FACTUAL ALLEGATIONS

12. On or about October 25, 2017, Plaintiff signed a written agreement wherein he agreed to purchase a membership in order to utilize French Riviera's gym locations ("Agreement").

13. On or about October 26, 2017 at approximately 10:01 a.m. Central Standard Time (CST), Plaintiff received the following text message at his cellular telephone number ending in "-2478" (2478 number) from Defendant's 5-digit short message service (SMS) number "87365":

> Dear member, Welcome to Riviera Fitness! Where your fitness is our strength.We're excited to have you as a member.Have a great workout!

14. On or about November 8, 2017 at approximately 10:01 a.m. CST, Plaintiff received the following text message from "87365" at his 2478 number:

> Dear member, We offer a variety of classes and small group training. Click here (http://tinyurl.com/yag8aoha), for class schedules.

15. On or about December 24, 2017 at approximately 10:01 a.m. CST, Plaintiff received the following text message from "87365" at his 2478 number:

> Dear member, Become your best self with our Personal Trainers. Ask us for info on our PT program. (http://tinyurl.com/yc8zaep8)

16. On or about January 23, 2018 at approximately 10:04 a.m. CST, Plaintiff received the following text message from "87365" at his 2478 number:

> Follow us on social media! Facebook (http://tinyurl.com/Y8m7okwe) Instagram(http://tinyurl.com/y77ocpjh)

17. On or about February 22, 2018 at approximately 10:10 a.m. CST, Plaintiff received

3

the following text message from "87365" at his 2478 number:

> Dear member, Did you know that we have a blog? Each month we post workout tips, testimonials and much more! (http://tinyurl.com/yaor8pyx)

18. Plaintiff received other text messages from French Riviera with the same or substantially similar generic advertising content as to the messages described above.

19. None of the text messages Plaintiff received addressed him by name.

20. All of the text messages Plaintiff received from Defendant were sent using a 5-digit SMS number.

21. Prior to receiving the above-described text messages, Plaintiff was not informed orally or in writing that, by executing the Agreement, he would receive telemarketing and/or advertising text messages on his cellular phone from French Riviera using an automatic telephone dialing system (ATDS). Consequently, Defendant never obtained the requisite consent to send Plaintiff text messages.

22. The text messages alleged herein constitute telemarketing and/or advertising because they were sent for the purpose of encouraging the purchase of Defendant's services and advertised the commercial availability or quality of those services.

23. Defendant sent Plaintiff text messages using the Textmunication system, a third-party web-based marketing platform that qualifies as an ATDS pursuant 47 U.S.C § 227(a)(1).[1]

24. Defendant used the Textmunication system to send the exact same (or substantially

---

[1] The 9th Circuit recently vacated a summary judgment decision in favor of plaintiff regarding the ATDS status of the Textmunication system. *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 WL 4495553 (9th Circ. Sept. 20, 2018).

4

similar) text messages to Plaintiff and all other members of the putative Class.

25. Class members received unsolicited telemarketing and/or advertising text messages that did not include instructions on how to stop receiving French Riviera's advertisements.

26. Defendant did not obtain prior express written consent from Plaintiff or Class members to send the above-described text messages to their cellular telephones.

27. Plaintiff and Class members suffered injuries in the form of invasion of privacy, nuisance, aggravation, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones. Plaintiff and Class members were also harmed by the aggravation, inconvenience and confusion attendant to receiving text messages that are not accompanied by opt-out instructions.

28. The text messages alleged herein were exclusively made by, or on behalf of Defendant.

29. Defendant was and is aware that it was making the above-described text message calls on a widespread basis to consumers who had not provided prior express written consent to receive them and without the required opt-out instructions.

## CLASS ACTION ALLEGATIONS

30. **Class Definitions:** Plaintiff Miguel Suriano brings this action on behalf of himself and a class defined as follows:

5

**Class:** All individuals in the United States whose cellular telephone number, from Defendant, or someone on Defendant's behalf, received telemarketing and/or advertising text messages.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

32. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

6

      (c)      Whether Defendant sent telemarketing and/or advertising text messages without prior express written consent to Class members;

      (d)      Whether Defendant sent telemarketing and/or advertising text messages to Class members that did not include automated opt-out instructions; and

      (e)      Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

33.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

34.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

35.    **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of

conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

36.  Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

37.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.  Defendant made unwanted, unsolicited text message calls to Plaintiff and the Class members' cellular telephones without their prior express written consent.

39.  Defendant sent these text messages to Plaintiff and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

40. The equipment used by Defendant to send text messages to Plaintiff and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

41. By sending the text messages to Plaintiff and members of the Class' cellular telephones without prior express written consent using an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. Defendant also violated 47 U.S.C. § 227(c)(1) and/or 47 C.F.R. § 64.1200(b)(3) by failing to provide instructions for making a do-not-call request in *each* telemarketing and/or advertising message sent to Plaintiff and Class' cellular telephones.

43. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B) and § 227(c)(5)(B).

44. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3) and/or § 227(c)(5), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

45. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3) and/or § 227(c)(5), award statutory damages recoverable by Plaintiff and the other members of the putative Class.

46. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) and §

227(c)(5)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Miguel Suriano, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiff Miguel Suriano as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration;

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*

Roberto Luis Costales
William H. Beaumont
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, Louisiana 70119
Telephone: (504)534-5005
*jmk@beaumontcostales*.com

*Attorneys for Plaintiff*